FILED IN CHAMBERS
U.S.D.C. Rome

DEC 05 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEPHERD MANAGEMENT GROUP, INC.,

    Plaintiff,

v.

MICHAEL WILKOV and CANTONI, LP, a Delaware limited partnership,

    Defendant.

CIVIL ACTION

NO. 1:07-CV-0678-RLV

O R D E R

This a copyright infringement action arising out of Michael Wilkov and Cantoni's (hereinafter "Cantoni") use of certain material in their sales manuals. Pending before the court are the plaintiff's Motion to Compel [Doc. No. 13] and Motion to Amend the Complaint [Doc. No. 18].

If the plaintiff is successful on his infringement claim, he may be entitled to actual damages by proving Cantoni's gross revenue, at which point Cantoni will then have to show its deductible expenses and other profits not attributable to the copyrighted work. 17 U.S.C.A § 504(b). In contemplation of proving his claims, the plaintiff has requested production of Contoni's profit and loss statements and its quarterly and annual balance sheet statements from January 1, 2000, to present, as well as the 2000 to 2006 tax returns filed on behalf of Cantoni and

Michael Wilkov. Cantoni has objected on the grounds that the requested documents are irrelevant, overly broad, and that the claims are barred by the statute of limitations.

With respect to the relevance and overly broad assertions on the part of Cantoni, this court disagrees and views each request as within the broad parameters set forth in Fed. R. Civ. P. 26(b)(1).[1] The three types of financial documents requested by the plaintiff are similar but provide slightly different data, all of which reflect the revenue generated by Cantoni during the time period in which it allegedly infringed on the plaintiff's copyright and used his sales techniques to generate income.

A copyright infringement claim is time barred "unless it is commenced within three years after the claim accrued." 17 U.S.C.A § 507(b). Because this action was filed on March 22, 2007, Cantoni objects on statute of limitation grounds to providing the requested information dating back to 2000, a time period that well exceeds the three-year statute of limitations. Cantoni contends that any

---

[1] Much of Cantoni's argument in this regard focuses on how the plaintiff has failed to prove a causal connection between an infringement and damages in the context of the burden-shifting scheme of § 504(b). However, this argument addresses the merits of the plaintiff's claims, which are not at issue in the discovery phase.

claims arising before March 2004 would be time barred and, accordingly, any pre-2004 material is not discoverable.

This particular issue raises a significant question: when does a copyright infringement claim "accrue," i.e., does a claim accrue on the date of infringement or at the point when the infringement was discovered or reasonably should have been discovered, or does the limitations period begin only on the date of the last infringing act. Both sides acknowledge that the Eleventh Circuit has not squarely addressed the question. Compare Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)(Birch, J., specially concurring)("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."), with United States v. Shabazz, 724 F.2d 1536, 1540 (11th Cir. 1984)(noting that "the period of limitation begins on the date of the last infringing act.").

However, this court need not decide the merits of Cantoni's statute of limitations defense because that issue is not currently before the court. Rather, at issue is whether the plaintiff's production requests comport with the proper scope of discovery pursuant to Rule 26(b). This court has concluded that it does. Nevertheless, the plaintiff has offered to limit the time period

3

for the requested financial documents from 2003 to present, which this court accepts as a reasonable limitation.

With respect to the plaintiff's motion to amend the complaint, this court notes that the motion is unopposed. Further, it is limited to clarifying the scope of the plaintiff's infringement claims and adding the Cantoni subsidiaries to which the allegedly infringing sales manuals were distributed. Consequently, this court concludes that amending the complaint is warranted.

Therefore, the plaintiff's Motion to Compel [Doc. No. 13] is GRANTED in PART; the defendants Michael Wilkov and Cantoni, LP are directed to respond to production request Nos. 14-16 for the time period January 1, 2003 until present. The Motion to Amend the Complaint [Doc. No. 18] is GRANTED. The plaintiff is directed to file its amended complaint within ten days of the date this order is docketed.

SO ORDERED, this 5th day of December, 2007.

/ROBERT L. VINING, JR.
Senior United States District Judge